LYNN, J.,
concurring specially. I agree with the majority that the incriminating statements made by the defendant after Officer Holland asked whether a canine would detect drugs in his vehicle, as well as the drugs themselves, must be suppressed. I write separately because I reach this result upon different grounds than the majority.
The majority holds that Holland’s request to view the defendant’s tongue fails the third prong of the three-part sequential test we articulated in State v. McKinnon-Andrews, 151 N.H. 19, 25 (2004), for determining whether a police officer’s questioning exceeds the scope of a lawful traffic stop. In doing so, the majority concludes that this single inquiry, which I agree was neither reasonably related to the initial justification for the stop nor based upon any reasonable suspicion that arose before the question was asked, fails the third prong of the test because it “changed the fundamental nature of the stop.” Ante at 190.
I do not agree that McKinnon-Andrews so narrowly circumscribes the scope of questioning during a traffic stop that any inquiry aimed at detecting non-germane criminal activity changes the fundamental nature of the stop. If that is true, then the third prong of the test has little practical meaning because virtually all inquiries that fail the second prong of the test will automatically fail the third prong as well. For example, if in response to Holland’s single “tongue” inquiry, the defendant had immediately admitted without further questioning that he had been smoking marijuana and had a supply of the drug in the car, would we really suppress that evidence? I think not. Thus, I do not find that Holland’s request to view the defendant’s tongue, without more, fundamentally changed the nature of the stop.
*193 Rather, in my view, the proper grounds for suppression are two-fold. First, as the trial court found (a finding that the State did not cross-appeal), the State failed to show that the green tongue displayed by the defendant in response to Holland’s request had any probative significance with respect to the defendant’s use or possession of drugs. Second, notwithstanding the fact that the green tongue gave Holland no basis to make further drug-related inquiry, he continued to make multiple inquiries until the defendant finally admitted to possessing drugs. These repeated inquiries had the effect of impermissibly prolonging the stop, and, therefore, require that the fruits of this illegality be suppressed.